**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-40106
Summary Calendar

KENNETH GREGORY THOMPSON, JR.,

Plaintiff-Appellant,

versus

ZEHRA PEERBOY, Unit Psychiatrist, ET AL.,

Defendants,

ZEHRA PEERBOY, Unit Psychiatrist; HENRY
ORLOFF, Unit Psychologist; UNIDENTIFIED
PARTIES, Correctional Officers,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Texas
(6:95-CV-212)

October 27, 1997

Before POLITZ, Chief Judge, JOLLY and STEWART, Circuit Judges.

POLITZ, Chief Judge:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kenneth Gregory Thompson, Jr., *pro se*, appeals an adverse jury verdict rejecting his 42 U.S.C. § 1983 civil rights claims against Zehra Peerboy and Henry Orloff. For the reasons assigned, we affirm.

**BACKGROUND**

Thompson, a Texas state prisoner, filed a civil rights complaint against unit psychiatrist Peerboy, unit physician Verlyn Michael Miller, unit psychologists Orloff, Jean P. McCown, and Joe Simental, and unknown correctional officials. Thompson alleged that Miller discontinued medications, removed work restrictions, and had him transferred to another unit because of his race and legal activities. Thompson claimed that after he was transferred McCown prepared a false psychological report because of his race, and Peerboy, Orloff, Simental and unknown correctional officers were deliberately indifferent to his medical needs and retaliated against him for his legal activities by discontinuing his single-cell housing status.

Following a **Spears**[1] hearing, the magistrate judge, trying the matter by consent, dismissed Thompson's claims against McCown and Simental as frivolous and transferred the claims against Miller to the district in which the claims arose. After a trial on the merits, the jury returned a verdict in favor of the remaining

___

[1] **Spears v. McCotter**, 766 F.2d 179 (5th Cir. 1985).

defendants, Peerboy and Orloff. The magistrate judge entered judgment in accordance with the jury verdict and Thompson timely appealed.

**ANALYSIS**

Thompson claims that the magistrate judge erred in refusing to subpoena all of his requested witnesses. The magistrate judge subpoenaed seven witnesses, but denied the request for 13 additional witnesses, finding that their testimony would be irrelevant, cumulative, or inadmissible hearsay. Such a determination is left to the discretion of the trial court and will not be disturbed absent a substantial showing of need for the testimony of the requested witnesses.[2] Thompson asserts that the excluded witnesses would have testified to his mental state, the health care he received, the problems he experienced while double-celled, the handling of his grievances, and that he was retaliated against because of his race. The record reflects, however, that witnesses testified at trial about Thompson's mental state, health care, grievances, and problems while double-celled. The only allegations of retaliation based on race were made against McCown and Miller and these claims were dismissed and transferred, respectively. Because Thompson has failed to demonstrate that any relevant testimony was excluded or that the expected testimony of the particular witnesses would be anything more than cumulative or

---

[2] **Cupit v. Jones**, 835 F.2d 82 (5th Cir. 1987).

for impeachment, we must conclude that the magistrate judge did not abuse her discretion in denying Thompson's requests to subpoena witnesses.

Thompson also contends that the trial court erred by failing to instruct and submit interrogatories to the jury on racial discrimination. Thompson further asserts that the instruction and submission of interrogatories to the jury on qualified immunity were erroneous. Thompson concedes, however, that he failed to object to the jury instructions and interrogatories during the trial. Thus we must review Thompson's contentions on appeal under the plain error standard.[3] In reviewing for plain error, we are to determine whether the charge and interrogatories were "likely responsible for an incorrect verdict which in itself creates a substantial injustice or resulted in a plain error so fundamental as to result in a miscarriage of justice."[4]

In his complaint, Thompson alleged retaliation based on race as his third cause of action. The allegations cited to support this cause of action consisted of incidents involving Miller and McCown. As noted, following a **Spears**[5] hearing the magistrate judge dismissed the claims against McCown as frivolous and transferred

---

[3] **Goodman v. Lee**, 78 F.3d 1007 (5th Cir. 1996).

[4] **Id.** at 1011.

[5] **Spears v. McCotter**, 766 F.2d 179 (5th Cir. 1985).

the claims against Miller. As to the remaining defendants, Peerboy and Orloff, the magistrate judge defined the claims as deliberate indifference to Thompson's medical needs and retaliation for legal activities, not race, and the evidence was limited to such. Our review of the record leads us inexorably to the conclusion that the refusal to submit the issue of racial discrimination to the jury was not erroneous.

Thompson's claim that the trial court erred in submitting the issue of qualified immunity to the jury is equally without merit. The jury did not render a liability verdict for Thompson and, thus, the qualified immunity interrogatory remained unanswered. Therefore, Thompson necessarily has failed to demonstrate how the jury instruction and interrogatory on qualified immunity affected the outcome of the case.

Thompson also contends that the trial court erred by excluding evidence that he was placed in single-cell housing after filing suit as being inadmissible as a subsequent remedial measure. The trial court is given wide discretion in making evidentiary rulings. We review same for manifest error.[6] Evidence of subsequent remedial measures is inadmissible as evidence of a party's negligence, but is

---

[6] **Guillory v. Domtar Indus. Inc.**, 95 F.3d 1320 (5th Cir. 1996).

5

permitted for impeachment purposes.[7]  Although Thompson maintains on appeal that evidence about his placement in single-cell housing after filing suit constitutes impeachment evidence, the record is clear that he offered the evidence as proof that he should have been placed in single-cell housing before filing suit.  The trial court did not err in excluding that evidence.

Finally, Thompson asserts that "the jury's verdict was against the preponderance of the evidence."  This essentially is a challenge to the sufficiency of the evidence.  Because Thompson failed to move for judgment as a matter of law or new trial in the district court, our review is limited to "whether there was any evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was committed which, if not noticed, would result in a 'manifest miscarriage of justice.'"[8]  Considering the record in light of this demanding standard, and giving due deference to the jury's function in weighing conflicting evidence and determining the witnesses' credibility,[9] the evidence submitted as to Thompson's claims falls far short of requiring that the verdict be set aside on an insufficiency of the evidence basis.

---

[7] **Fed. R. Evid. 407.**

[8] **Coughlin v. Capitol Cement Co.**, 571 F.2d 290, 297 (5th Cir. 1978).

[9] **Martin v. Thomas**, 973 F.2d 449 (5th Cir. 1992).

6

The judgment appealed is **AFFIRMED**.